IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-1937-EWN-MJW

UNITED STATES EX REL. RUTH RITCHIE,

    Plaintiff/Relator,

v.

LOCKHEED MARTIN CORP. and

LOCKHEED MARTIN SPACE SYSTEMS CO.,

    Defendants.

## STIPULATED PROTECTIVE ORDER

The Relator, Ruth Ritchie ("Relator"), and named Defendants Lockheed Martin Corp., and Lockheed Martin Space Systems Co. ("Lockheed Martin") (collectively Relator and Lockheed Martin are referred to as the "Parties" or individually "Party"), hereby stipulate and agree as follows:

1.     This Stipulated Protective Order governs the use and handling of certain documents, exhibits, and testimony produced or provided by the Parties or Third Parties, including, but not limited to, the United States in the above-captioned litigation (the "Case"), whether in response to a discovery request or otherwise.

2.     A Party may designate material or information as CONFIDENTIAL INFORMATION after it makes a good faith determination that the material or information includes or constitutes: (a) a nonpublic trade secret; (b) proprietary or confidential research, development, personnel, financial, personal, tax, customer, or commercial information; (c) confidential, technical, financial, business and commercial information that a Party reasonably

believes has value in the competitive business marketplace of a Party, even if not a trade secret; or (d) information that the Party is under a duty to maintain in confidence.

3. With respect to CONFIDENTIAL INFORMATION contained in documents and tangible things, the Party producing, disclosing, or responding and desiring to designate information as CONFIDENTIAL INFORMATION (the "Designating Party") shall visibly stamp or mark each and every separate page or item of CONFIDENTIAL INFORMATION, regardless of form, with the legend "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" without covering any text or other content of the document or thing.

4. With respect to CONFIDENTIAL INFORMATION furnished in the form of deposition testimony, the Designating Party shall appropriately designate such as CONFIDENTIAL INFORMATION on the record at the time the testimony is taken or in writing within twenty (20) days of receipt of the transcript of such deposition testimony, by reference to the specific portion of such transcript, identified by page and line numbers. The Parties shall treat all depositions as containing CONFIDENTIAL INFORMATION for a twenty-day (20) period after the Parties' receipt of the transcript of a deposition in the Case.

5. If testimony is designated as CONFIDENTIAL INFORMATION, the cover page and those portions of the original transcripts and all copies of deposition transcripts that contain CONFIDENTIAL INFORMATION shall bear the legend "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER."

6. With respect to CONFIDENTIAL INFORMATION furnished in the form of written discovery responses, the Designating Party shall appropriately designate such CONFIDENTIAL INFORMATION next to or above the response without covering the text of the response.

7. Where a Party requests from a Third Party documents or tangible things, deposition testimony, or written discovery responses in the Case, either Party may designate any documents or tangible things, deposition testimony, or written discovery responses produced, disclosed or provided by the Third Party in response to such requests as CONFIDENTIAL INFORMATION pursuant to the procedures outlined in Paragraphs three (3) through six (6) above. The Designating Party shall appropriately designate such as CONFIDENTIAL INFORMATION within twenty (20) days of receipt of the information from the Third Party. The Parties shall treat all information produced, disclosed or provided by the Third Party in response to such requests as containing CONFIDENTIAL INFORMATION for a twenty-day (20) period after the Parties' receipt of such information.

8. Any Party wishing to file CONFIDENTIAL INFORMATION with the Court shall comply with Rule 7.2 of the Local Rules of Practice for the United States District Court for the District of Colorado or any other rule governing the filing of motions to seal in the Case.

9. The Party receiving information designated as CONFIDENTIAL INFORMATION (the "Receiving Party") and its counsel shall not (unless directed or permitted by this Court or another court having competent jurisdiction) disclose the Designating Party's CONFIDENTIAL INFORMATION, except as otherwise provided herein, to any person other than:

    (a) The Parties, the Court, court personnel, court reporters, operators of remote feed locations for testimonial purposes, and persons operating video recording equipment at depositions in the Case.

    (b) Counsel who have appeared of record for a Party in the Case; partners, associates, legal assistants, or other employees of such counsel assisting in

3

the prosecution or defense of the Case; and in-house attorneys of any corporate Party assisting in the prosecution or defense of the Case, or other employees of such in-house attorneys assisting in the prosecution or defense of the Case.

(c) Deposition or trial witnesses in the Case and their counsel, and outside experts or consultants (and their employees) employed or retained by any Party or its counsel for the purpose of assisting counsel in the investigation, prosecution, or defense of claims in the Case; provided, however, that prior to disclosing CONFIDENTIAL INFORMATION to any person specified in this subdivision "(c)" (except for such persons who are representatives of the Parties, including the United States), the Receiving Party and its counsel shall first inform such person of the terms of this Stipulated Protective Order, shall give such person a copy of this Stipulated Protective Order, and shall obtain the written agreement of such person, in the form of the Declaration attached hereto, that they will be bound by this Stipulated Protective Order; and provided further that the Declaration of each such person shall be maintained by the counsel obtaining the Declaration. The Declarations of persons identified pursuant to Rule 26(a)(2) and (3) of the Federal Rules of Civil Procedure may be inspected by counsel for the other Party upon reasonable request. The Declarations of all other persons may be inspected by counsel after the conclusion of the Case (*i.e.*, settlement, summary judgment, trial, and/or all appeals). Inspection will not be required if to do so would reveal

information protected by the attorney-client privilege or the work product doctrine. Any counsel withholding such inspection, however, will, upon request, be required to provide an affidavit establishing that the terms of this Stipulated Protective Order have been fully complied with as to such persons.

    (d)    Commercial copying services.

    (e)    Any mediator in this Case, provided such mediator executes a Declaration in accordance with the provisions of this Stipulated Protective Order.

10. This Stipulated Protective Order shall not apply to any disclosure if: (a) prior written consent to such disclosure has been obtained from counsel for the Designating Party; or (b) permission for such disclosure has been given by the Court. Depositions in which CONFIDENTIAL INFORMATION will be disclosed shall be taken only in the presence of persons identified in Paragraph 9 of this Stipulated Protective Order, and pursuant to the requirements of Paragraph 9 of this Stipulated Protective Order. Such information shall not lose its confidential status through such use, and the Parties shall take reasonable steps to protect the confidentiality of such information during its use. Subject to the Federal Rules of Evidence (or any other applicable evidentiary rules), CONFIDENTIAL INFORMATION may be offered in evidence at trial or at any Court hearing.

11. No copies of CONFIDENTIAL INFORMATION shall be made except by or on behalf of counsel for the Parties for court filings, work product purposes, or for review by the Parties, experts, non-party witnesses or a mediator in the Case who have executed, as appropriate, the Declaration attached hereto. Any such copies shall be made and used solely for purposes of the Case.

12. The Receiving Party may object to the designation of particular CONFIDENTIAL INFORMATION by giving written notice (an "Objection") to the Designating Party. All such objections shall be raised within ten (10) days after receipt by the Receiving Party of information designated as CONFIDENTIAL INFORMATION. The written notice shall identify the specific information to which the Objection is made. If the Parties cannot resolve the issues set forth in the Objection, it shall be the obligation of the Party objecting to the designation of the information as confidential to file, no later than thirty (30) days from the date of the designation, an appropriate motion [consistent with D.C.Colo.LCvR 7.2 and 7.3] requesting that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order. If such a motion is filed, the disputed information shall be treated as CONFIDENTIAL INFORMATION under the terms of this Stipulated Protective Order until the Court rules on the motion. If the challenging Party fails to file such a motion within the time period specified above, the disputed information shall maintain its designation as CONFIDENTIAL INFORMATION and shall be treated as CONFIDENTIAL INFORMATION in accordance with this Stipulated Protective Order. In connection with a motion filed under this provision, the party challenging the designation of information as CONFIDENTIAL INFORMATION shall bear the burden of proving by a preponderance of the evidence that disclosure of the subject information outside the scope of the Case would not significantly harm the Designating Party and would be in the public interest.

13. The inadvertent or unintentional disclosure of CONFIDENTIAL INFORMATION to the Receiving Party shall not preclude the Designating Party from later designating such information as CONFIDENTIAL INFORMATION. It shall not be considered a violation of this Order, however, to disclose such undesignated CONFIDENTIAL INFORMATION any time prior to the Designating Party's designation of such information as

6

CONFIDENTIAL INFORMATION where the CONFIDENTIAL INFORMATION was produced, disclosed, or provided by the Designating Party. Where the CONFIDENTIAL INFORMATION was produced, disclosed, or provided by a Third Party, it shall not be considered a violation of this Order to disclose such undesignated CONFIDENTIAL INFORMATION anytime after the twenty (20) day period described in Paragraph 7 above and prior to the Designating Party's designation of such information as CONFIDENTIAL INFORMATION. In the event that the Designating Party inadvertently fails to stamp or otherwise to designate information as "CONFIDENTIAL INFORMATION" at the time of its disclosure, or within the twenty (20) day period described in Paragraph 7 above in the case of information disclosed by a Third Party, the Designating Party shall not be deemed to have waived its right to stamp or otherwise to designate the information as "CONFIDENTIAL INFORMATION."

14. Unless the Parties agree otherwise, CONFIDENTIAL INFORMATION shall be filed under seal pursuant to Paragraph 8 above.

15. In the event that any CONFIDENTIAL INFORMATION is used in any court proceeding, it shall not lose its confidential status through such use, and the Parties shall take all steps reasonably required to protect its confidentiality during such use.

16. CONFIDENTIAL INFORMATION shall be used by the Receiving Party only for the purpose of the prosecution, defense, or settlement of the Case, including any and all appeals and re-trials, and for no other purpose whatsoever. Accordingly, the Receiving Party shall not use, permit, encourage, or allow any other person to use any CONFIDENTIAL INFORMATION, or any information contained therein, for any purpose whatsoever except for the Case, in accordance with this Stipulated Protective Order. It is specifically understood that

the Receiving Party shall not otherwise use or permit, encourage, or allow any other person to use any CONFIDENTIAL INFORMATION to achieve economic gain, to compete with, or to cause economic harm to the Designating Party.

17. In the event the Receiving Party receives a subpoena (or other lawful and enforceable order issued by any court or agency having competent jurisdiction) regarding or requiring the production of any CONFIDENTIAL INFORMATION, that Party shall provide prompt written notice of such subpoena or request to the Designating Party, who may timely contest such subpoena or request for any CONFIDENTIAL INFORMATION subject to the provisions of this Stipulated Protective Order, or may otherwise take whatever lawful measures are necessary and appropriate at its own expense to protect the Designating Party's interests in the confidentiality of such material. The Receiving Party shall reasonably cooperate with the Designating Party in its efforts to protect the CONFIDENTIAL INFORMATION from disclosure; provided that this Order shall not be interpreted to preclude the Receiving Party from complying with any such subpoena or lawful order that has not been quashed or set aside.

18. Except as otherwise agreed in writing by the Parties, within sixty (60) days of the conclusion of the Case (*i.e.*, settlement, summary judgment, trial, and/or all appeals), the Receiving Party and its counsel shall exercise their best efforts to ensure that all CONFIDENTIAL INFORMATION in the possession of the Receiving Party, and all copies thereof, produced by, otherwise obtained from, or designated by the Designating Party, shall be promptly returned to the Designating Party, or, at the written request of the Designating Party, destroyed. If the CONFIDENTIAL INFORMATION is destroyed, the Receiving Party's counsel shall provide the Designating Party's counsel with a certificate identifying the CONFIDENTIAL INFORMATION so destroyed, without disclosing its contents.

Notwithstanding any other provision of this Paragraph to the contrary, each lead attorney for each Party shall have the right to maintain in his or her files exactly one copy of each document containing CONFIDENTIAL INFORMATION produced or designated by the other Party for a period of no greater than ten (10) years following the conclusion of the Case, after which such attorney shall destroy all such CONFIDENTIAL INFORMATION, and no person other than the lead attorney and his or her partners, associates, legal assistants, or other employees may be given access to such CONFIDENTIAL INFORMATION during such ten-year period, unless access is required to comply with an order of a court having competent jurisdiction.

19.     Nothing contained in this Stipulated Protective Order, nor any action taken in compliance with it, shall operate as an admission or assertion by a Party or a witness that any particular material or information is, or is not, confidential. Any Party may request that the Court modify or otherwise grant relief from any provision of this Stipulated Protective Order, provided that the opposing Party has a full and fair opportunity to present its position to the Court with regard to the relief requested.

20.     This Stipulated Protective Order is entered into solely for purposes of facilitating the exchange of documents and information between the Parties to the Case. Nothing in this Stipulated Protective Order shall operate as an admission or assertion by any Party that any particular material is, or is not, admissible in evidence. Nothing in this Order shall be interpreted to preclude or to limit any Party or witness from making and pursuing objections to relevancy, admissibility, or discovery regarding any material, or from making and pursuing any other objection authorized by applicable rule, law, order, or statute.

21.     Material produced by any Party or a witness prior to the entry of this Stipulated Protective Order by the Court shall be subject to the provisions of this Stipulated Protective

Order to the same extent as if such Stipulated Protective Order had been entered by the Court as of the date such material was produced.

22. Nothing in this Stipulated Protective Order shall be interpreted to prevent or to restrict a Party from using or disclosing its own material (including its own CONFIDENTIAL INFORMATION) in any manner whatsoever.

23. Nothing in this Stipulated Protective Order shall be construed as a waiver of any rights by any Party or a witness with respect to matters not specifically provided for herein, including, but not limited to, a waiver of the attorney-client privilege, the work product doctrine, and/or any other privilege or similar doctrine.

24. This Stipulated Protective Order shall survive the termination of the Case.

25. By signing below, counsel represent and warrant that they have discussed this Stipulated Protective Order with their respective clients and that they are authorized to and do hereby bind their respective clients to the terms of this Stipulated Protective Order. In the event that additional individuals or entities become parties to the Case, such parties shall be required to agree in writing to the terms of this Stipulated Protective Order prior to receiving any CONFIDENTIAL INFORMATION, or any portion thereof.

26. Nothing in this Stipulated Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which CONFIDENTIAL INFORMATION shall be treated at trial.

SO ORDERED this 22nd day of November, 2005.

_____
Michael J. Watanabe
United States Magistrate Judge


STIPULATED AND AGREED TO BY:

Dated: November 21, 2005                                    Dated: November 21, 2005


s/Alan M. Grayson                                           s/Mark J. Meagher
Alan M. Grayson                                             Mark J. Meagher
Grayson & Kubli, P.C.                                       Jennette C. Roberts
1420 Spring Hill Road, Suite 230                            McKenna Long & Aldridge LLP
McLean, Virginia 22102                                      1875 Lawrence Street, Suite 200
Tel: (703) 749-0000                                         Denver, CO 80202
                                                            Tel: (303) 634-4000
ATTORNEYS FOR RELATOR,
RUTH RITCHIE                                                ATTORNEYS FOR DEFENDANTS,
                                                            LOCKHEED MARTIN CORP. AND LOCKHEED
                                                            MARTIN SPACE SYSTEMS CO.

## DECLARATION

STATE OF COLORADO  )
                   ) ss.
COUNTY OF          )

_____ affirms and states under penalty of perjury:

1. I have read the Stipulated Protective Order in *United States Ex Rel. Ruth Ritchie, Plaintiff/Relator v. Lockheed Martin Corp. and Lockheed Martin Space Systems Co., Defendants* (the "Case"), a copy of which is attached to this Declaration.

2. I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Declaration have been designated as "CONFIDENTIAL INFORMATION," as defined in the Stipulated Protective Order.

3. I promise that I will not divulge, or undertake to divulge, to any person any CONFIDENTIAL INFORMATION shown or told to me except as authorized in the Stipulated Protective Order, so long as such CONFIDENTIAL INFORMATION is subject to the Stipulated Protective Order. I will not use the CONFIDENTIAL INFORMATION for any purpose other than the Case, so long as such CONFIDENTIAL INFORMATION is subject to the Stipulated Protective Order.

4. For the purpose of enforcing the terms of the Stipulated Protective Order, I hereby submit myself to the jurisdiction of the court in the Case.

5. I will abide by the terms of the Stipulated Protective Order.

6. I understand that my duties to preserve the confidentiality of CONFIDENTIAL INFORMATION pursuant to the terms and conditions of the Stipulated Protective Order shall survive the conclusion of the Case.

_____
(Signature)

_____
(Print or Type Name)
Address:

_____

Telephone No.: (\_\_\_\_) _____

DN:32111516.7