IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-CV-01937-EWN-MJW

UNITED STATES EX REL. RUTH RITCHIE,

Plaintiff/Relator,

v.

LOCKHEED MARTIN CORP. and LOCKHEED MARTIN
SPACE SYSTEMS CO.,

Defendants.

---

**ORDER REGARDING RELATOR'S MOTION TO COMPEL
(DOCKET NO. 92)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on the Relator's Motion to Compel (docket no. 92).  The court has reviewed the motion, response (docket no. 96), and reply (docket no. 103).  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  In particular, the court has considered Fed. R. Civ. P. 37 and 26.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

The Relator, Ruth Ritchie ("Relator"), alleges in her Complaint that Defendant Lockheed Martin Corporation and Lockheed Martin Space Systems Company ("Lockheed") submitted false claims to the United States in violation of the Civil False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq.*  Relator alleges that Lockheed engaged in false and fraudulent billing of incentive payments for thousands of employees whom

2

Lockheed knew to be ineligible for such payments.  Relator seeks damages and penalties against Lockheed under the FCA.

In Relator's Motion to Compel (docket no. 92), Relator requests that this court enter an order requiring Lockheed to answer Relator's interrogatories 15, 16, 17, 19, 20, 21, and 23.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

As to the subject interrogatories listed above, this court finds:

1.   That I have jurisdiction over the subject matter and over the parties to this lawsuit.

2.   That venue is proper in the state and District of Colorado.

3.   That each party has been given a fair and adequate opportunity to be heard.

4.   That Lockheed has approximately 135,000 employees, with approximately 13,000 additional employees supporting Lockheed Martin Space System company, many of whom regularly communicate with various government officials from several different government agencies regarding the Titan/Atlas CSI and MSI programs, which lasted approximately five years.

5.   That interrogatory no. 15 is overly broad and unduly burdensome, and therefore Lockheed is not required to respond to this interrogatory.

6.   That interrogatory no. 16 is overly broad, unduly burdensome, and

3

seeks information that is protected by the attorney client privilege and the work product doctrine, and therefore Lockheed is not required to respond to this interrogatory.

7.    That interrogatory no. 17 is overly broad, vague and ambiguous, and seeks information that is protected by the attorney client privilege and work product doctrine, and therefore Lockheed is not required to respond to this interrogatory.

8.    That interrogatory no. 19 is overly broad and unduly burdensome, and therefore Lockheed is not required to respond to this interrogatory.

9.    That interrogatory no. 20 is overly broad, vague and ambiguous, and unduly burdensome, and therefore Lockheed is not required to respond to this interrogatory

10.    That interrogatory no. 21 is overly broad and unduly burdensome, and therefore Lockheed is not required to respond to this interrogatory.

11.    That interrogatory no. 23 is overly broad, vague and ambiguous, and seeks information that is protected by the attorney client privilege and work product doctrine, and therefore Lockheed is not required to respond to this interrogatory.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this

4

court **ORDERS**:

    1.      That Relator's Motion to Compel (docket no. 92) is **DENIED**.

    2.      That each party pay their own attorney fees and costs.

Done this 11th day of August 2006.

BY THE COURT

<u>s/ Michael J. Watanabe</u>
Michael J. Watanabe
U.S. Magistrate Judge