IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01937-EWN-MJW

UNITED STATES EX REL RUTH RITCHIE,

    Plaintiff/Relator,

v.

LOCKHEED MARTIN CORPORATION and
LOCKHEED MARTIN SPACE SYSTEMS COMPANY,

    Defendants.

---

**ORDER REGARDING
(1) PLAINTIFF/RELATOR RITCHIE'S SECOND MOTION TO COMPEL
(DOCKET NO. 101);
(2) DEFENDANT LOCKHEED MARTIN CORPORATION'S MOTION TO COMPEL
RELATOR'S DISCLOSURE OF A COMPLIANT EXPERT REPORT UNDER FED. R.
CIV. P. 26(A)(2), AND FOR ENLARGEMENT OF TIME TO SUBMIT ITS EXPERT
DESIGNATION (DOCKET NO. 111);
AND
(3) RELATOR'S MOTION FOR LEAVE TO FILE ADDITIONAL DISCOVERY
REQUESTS AND FOR A BRIEF ENLARGEMENT OF DISCOVERY DEADLINE
(DOCKET NO. 120)**

---

**Entered by United States Magistrate Judge Michael J. Watanabe**

    This matter is before the court on: (1) Plaintiff/Realtor Ritchie's Second Motion to Compel (docket no. 101); (2) Defendant Lockheed Martin Corporation's Motion to Compel Relator's Disclosure of a Compliant Expert Report Under Fed. R. Civ. P. 26(a)(2), and for Enlargement of Time to Submit Its Expert Designation (docket no. 111); and (3) Relator's Motion for Leave to File Additional Discovery Requests and For a Brief Enlargement of the Discovery Deadline (docket no. 120).  The court has

2

reviewed these motions, responses (docket nos. 105, 119, and 127), reply (docket no. 117), and attachments thereto. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

The Relator, Ruth Ritchie ("Relator"), alleges in her Complaint that Defendant Lockheed Martin Corporation and Lockheed Martin Space Systems Company ("Lockheed") submitted false claims to the United States in violation of the Civil False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq.* Relator alleges that Lockheed engaged in false and fraudulent billing of incentive payments for thousands of employees whom Lockheed knew to be ineligible for such payments. Relator seeks damages and penalties against Lockheed under the FCA.

In Relator's Second Motion to Compel (docket no. 101), Relator requests that this court enter an order requiring Lockheed to respond fully to Relator's First Request for the Production of Documents ("RFP") to Defendants Lockheed Martin Corp., *et al.* In particular, Relator requests full responses to:

- End of evaluation period charging analyses sent to, and acknowledged by, Program Managers;
- Time keeping/time charge records;
- Employee change notices;
- Payroll reports/salary history;
- Critical skills documentation; and

3

- Invoice back-up documentation.

Moreover, Relator requests that if Lockheed does not have the requested documents above, then an order requiring Lockheed to provide a certification detailing what efforts were made to find the documents or, if the documents have been destroyed which shall include the timing and circumstances of such destruction.

In Lockheed's Motion to Compel Relator's Disclosure of a Compliant Expert Report Under Fed. R. Civ. P. 26(a)(2), and for Enlargement of Time to Submit Its Expert Designation (docket no. 111), Lockheed requests that this court enter an order directing Relator to serve a compliant report under Fed. R. Civ. P. 26(a)(2) and Fed. R. Evid. 702 within a reasonable time period to be set by the court and to enlarge the time for filing of Lockheed's expert report to 30 days after Relator's service of her compliant report by Relator's proffered expert, Michael Smigocki.

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. . . .

Fed. R. Civ. P. 26(b)(1). However, "a party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party' . . . may be constrained where the court determines that the desired discovery is unreasonable or

4

unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Simpson v. University of Colo., 220 F.R.D. 354, 356 (D. Colo. 2004). "The Federal Rules of Civil Procedure permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Id.

As to these subject motions, this court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit.

2. That venue is proper in the state and District of Colorado.

3. That each party has been given a fair and adequate opportunity to be heard.

4. That Lockheed has approximately 135,00 employees, with approximately 13,000 additional employees supporting Lockheed Martin Space System company, many of whom regularly communicate with various government officials from several different government agencies regarding the Titan/Atlas CSI and MSI programs, which lasted approximately five years.

5. That Relator sent a letter to Lockheed dated July 12, 2006, outlining six (6) areas where Relator believes documents need to be provided.

6. That Lockheed responded to Relator's letter of July 12, 2006, by its

letter dated July 14, 2006.

7. That I will use these two letters to address the subject documents in dispute. I will address each "Request" as outlined in Relator's letter of July 12, 2006.

8. That as to Request No. 1, I find that Lockheed has provided to Relator all documents in "Period 3." If Lockheed has documents in "Periods 1, 2, or 4," then Lockheed shall produce those documents to Relator. If Lockheed does not have any other documents for "Periods 1, 2, or 4," then Lockheed shall provide Relator with a written certification detailing what efforts were made to find the documents or if the documents have been destroyed, which shall include the timing and circumstances of such destruction.

9. That as to Request No. 2, I find that Lockheed has objected to this Request on the grounds that such Request is overly broad, vague, ambiguous, and unduly burdensome, in particular, in light of Relator's own deposition testimony. I find that based upon Relator's testimony, such documents are not relevant and moreover are unduly burdensome and therefore no further response to Request No. 2 is required by Lockheed.

10. That as to Request No. 3, I find that Lockheed has produced such documents as to Request No. 3. If Lockheed has any additional supplemental documents pertaining to this Request, then

6

Lockheed shall produce the same to Relator. If Lockheed does not have any additional supplemental documents pertaining to this Request, then Lockheed shall provide to Relator a written certification detailing what efforts were made to find the documents or if the documents have been destroyed, which shall include the timing and circumstances of such destruction.

11. That as to Request No. 4, I find that Lockheed has produced such documents. If Lockheed has any additional supplemental documents pertaining to this Request, then Lockheed shall produce the same to Relator. If Lockheed does not have any additional supplemental documents pertaining to this Request, then Lockheed shall provide to Relator a written certification detailing what efforts were made to find the documents or if the documents have been destroyed, which shall include the timing and circumstances of such destruction.

12. That as to Request No. 5, I find that Lockheed has produced such documents. No further response is required by Lockheed.

13. That as to Request No. 6, I find that Lockheed has produced such documents. No further response is required by Lockheed.

14. That Lockheed argues that Relator's proffered expert's report by Michael Smigocki fails to meet the requirements under Fed. R. Civ. P. 26(a)(2) and Fed. R. Evid. 702 with respect to the disclosure of

expert testimony or the admissible content of such testimony. Lockheed further argues that Mr. Smigocki's report offers not a single, definitive opinion regarding the damages Relator alleges were incurred in this case.  Moreover, Relator's expert, Mr. Smigocki offers nothing more than a handful of open-ended, unbounded and unsupported tentative conclusions.  That each such conclusion is expressly caveated on disclaimers that Mr. Smigocki did not have available the documents or other information he contends he needs to formulate more appropriate opinions and that his expert opinion on the quantum of damages will be determined upon receipt of additional documents.  Lockheed relies upon <u>Kern River Gas Transmission Co. v. 6.17 Acres of Land</u>, 156 F.App'x 96, 102-03 (10th Cir. 2005), for the proposition that expert reports must contain a complete statement of all opinions to be expressed.

15. Relator argues that she cannot provide a complete statement of all opinions of her expert, Mr. Smigocki, per <u>Kern River Gas Transmission</u>, *supra,* until this court rules on her Second Motion to Compel (docket no. 101).  Furthermore, Relator argues that under <u>Kern River Gas Transmission,</u> *supra*, she has demonstrated "substantial justification" since Relator needs those documents as outlined in her Second Motion to Compel (docket no. 101) in order

for her expert, Mr. Smigocki, to render his full and complete opinions. Lastly, Relator argues that this court can receive a supplemental expert report from Mr. Smigocki, which incorporates additional opinions based upon a further review of evidence by Mr. Smigocki. See Kansas EPA Laboratory, LLC v. Koll Construction, L.P., 2006 WL 1360083, *1 (D. Kan. May 16, 2006).

16. That Relator should be given the opportunity to supplement her expert report, from Mr. Smigocki, since this court has granted in part and denied in part, Plaintiff/Realtor Ritchie's Second Motion to Compel (docket no. 101).

17. That Relator does not object to an extension of time for Lockheed to designate experts pursuant to Fed. R. Civ. P. 26(a)(2).

18. That this court has given the parties sufficient time to complete written discovery in this case. See record of court proceedings.

19. That the parties have demonstrated a need for additional time to complete the expert reports and to take the depositions of the experts.

### ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff/Realtor Ritchie's Second Motion to Compel (docket

9

no. 101) is **GRANTED IN PART AND DENIED IN PART**.  This motion is **GRANTED** insofar as on or before October 20, 2006, supplemental responses, if any, to Requests Nos. 1, 3, and 4 above, shall be provided to Relator from Lockheed and/or a written certification detailing what efforts were made to find the documents or, if the documents have been destroyed which shall include the timing and circumstances of such destruction.  The remainder of the motion is **DENIED**.

2. That Defendant Lockheed Martin Corporation's Motion to Compel Relator's Disclosure of a Complaint Expert Report Under Fed. R. Civ. P. 26(a)(2), and for Enlargement of Time to Submit Its Expert Designation (docket no. 111) is **GRANTED IN PART AND DENIED IN PART**.  This motion is **GRANTED** as to an enlargement of time for Lockheed to designate experts pursuant to Fed. R. Civ. P. 26(a)(2).  Lockheed shall designate its experts consistent with Fed. R. Civ. P. 26(a)(2) and provide its expert reports to Realtor within 30 days following receipt of Relator's (i.e., Mr. Smigocki's) supplemental expert report.  Rebuttal experts shall be designated and rebuttal experts reports shall be served within 15 days after Lockheed designates its experts consistent with Fed. R. Civ. P. 26(a)(2).  The remainder of this motion requesting striking of Mr. Smigocki's expert report is **DENIED WITHOUT PREJUDICE**.

10

3. That Relator's Motion for Leave to File Additional Discovery Requests and For a Brief Enlargement of the Discovery Deadline (docket no. 120) is **GRANTED IN PART AND DENIED IN PART** as follows. The request to enlarge the deadline concerning written discovery is **DENIED**. The deadline for Relator to provide to Lockheed her supplemental expert report from Mr. Smigocki is **GRANTED**. Mr. Smigocki's supplemental expert report shall be served upon Lockheed on or before October 31, 2006, consistent with Fed. R. Civ. P. 26(a)(2). The deadline to complete expert depositions only is extended to December 29, 2006.

4. That the deadline to file any further discovery motions is January 15, 2007.

5. That each party shall pay their own attorney fees and costs for these motions.

Done this 4th day of October 2006.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge