IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 04–cv–01937–EWN–MJW

UNITED STATES <u>EX REL</u>. RUTH RITCHIE,

    Plaintiff/Relator,

v.

LOCKHEED MARTIN CORP. and
LOCKHEED MARTIN SPACE SYSTEMS CO.,

    Defendants.

---

**ORDER AND MEMORANDUM OF DECISION**

---

This is a case arising under the Civil False Claims Act, 31 U.S.C.A. § 3729 *et seq.* (West 2007) (the "FCA"). Plaintiff/Relator Ruth Ritchie ("Relator") asserts that Defendants Lockheed Martin Corp. and Lockheed Martin Space Systems Co. knowingly submitted false claims for payment to the United States and retaliated against Relator for her refusal to participate in submitting the claims.[1] This matter is before the court on "Defendant Lockheed Martin

---

[1] The court gathers that the caption in this case improperly refers to Defendants as two separate entities, rather than a single unit. (Def. Lockheed Martin Corp.'s Mot. for Summ. J. at 1 [filed Nov. 20, 2006].) In the interest of consistency, and because the caption has not been amended, the court refers to Defendants in the plural despite their self-reference in the singular.

Corporation's Motion for Attorney's Fees," filed February 5, 2007.  Jurisdiction is premised upon the existence of a federal question, under 28 U.S.C.A. § 1331 (West 2007).

The facts of this case are fully set forth in this court's Order and Memorandum of Decision concerning Defendants' motion for summary judgment, filed concurrently herewith. Accordingly, familiarity is assumed.  On September 20, 2004, Relator filed a complaint in this court alleging three claims against Defendants: (1) knowing presentation of false claims for payment or approval in violation of section 3729(a)(1) of the FCA; (2) using of false records and analysis to obtain payment or approval of the claims in violation of section 3729(a)(2) of the FCA; and (3) retaliating against Relator for reporting and attempting to correct the claims in violation of section 3730 of the FCA.  (Compl. [filed Sept. 20, 2004] [hereinafter "Compl."].)  The United States had declined to intervene in the case.  (*See* Notice [filed June 17, 2005].)

On October 20, 2004, the court referred the case to a United States Magistrate Judge. (Gen. Case Mgmt. Order [filed Oct. 20, 2004].)  As is often the practice, the magistrate judge has overseen much of the discovery process in the case.  (*See, e.g.*, Order Regarding Pl./Relator Ritchie's Second Mot. to Compel; Def. Lockheed Martin Corp.'s Mot. to Compel Relator's Disclosure of a Compliant Expert Report under Fed. R. Civ. P. 26[a][2], and for Enlargement of Time to Submit its Expert Designation; and Relator's Mot. for Leave to File Additional Disc. Requests and for a Brief Enlargement of Disc. Deadline [filed Oct. 4, 2006].)

On October 4, 2006, the magistrate judge issued an order: (1) granting Relator's motion to compel disclosure of discovery concerning certain requests; (2) granting Defendants' motion for an extension of time to designate experts; and (3) setting a deadline of January 15, 2007 for

any additional discovery motions. (*Id.*) On January 16, 2007, Relator filed a motion to compel, her third such motion in this case. (Relator's Third Mot. to Compel [filed Jan. 16, 2007].) Plaintiff admitted that the motion was filed one day late, but asserted that because January 15, 2007 was a holiday, Federal Rule of Civil Procedure 6 allowed for filing the following day. (*Id.* at 2 n.1.) On February 12, 2007, the magistrate judge denied Relator's motion as untimely, reasoning that Rule 6 applies only when a period of time for filing must be computed, not when a specific filing deadline date has been set. (Minute Order [filed Feb. 12, 2007].)

As is relevant in this case, Federal Rule of Civil Procedure 37 provides that when a motion to compel is denied, the court "shall, after affording an opportunity to be heard, require the moving party[,] [] the attorney filing the motion[,] or both of them" to pay reasonable expenses, including attorney fees, incurred in opposing the motion, "unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(4)(B) (2007). On February 26, 2007, citing Rule 37, Defendants filed a motion for attorney fees incurred in connection with their response to Relator's motion to compel. (Def. Lockheed Martin Corp.'s Mot. for Att'y's Fees [filed Feb 26, 2007] [hereinafter "Defs.' Br."].) Specifically, Defendants seek fees totaling $10,602.00, comprising 37.2 hours at a rate of $285 per hour. (*Id.*) On March 19, 2007, Relator opposed the motion. (Relator's Opp'n to Defs.' Mot. for Att'y's Fees [filed Mar. 19, 2007] [hereinafter "Relator's Opp'n"].) Relator does not dispute her obligation to pay, but takes issue with the amount of fees Defendants seek. (*Id.*) On April 2, 2007, Defendants filed a reply in support of their motion. (Def. Lockheed

Martin Corp.'s Reply to Relator's Opp'n to Def.'s Mot. for Att'y's Fees [filed Apr. 2, 2007] [hereinafter "Defs.' Reply"].)

An essential criterion for an award of attorney fees is that the fees be reasonable. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 562 (1986). "The lodestar figure — reasonable hours times reasonable rate — is the mainstay of the calculation of a reasonable fee." *Anderson v. Sec'y of Health & Human Servs.*, 80 F.3d 1500, 1504 (10th Cir. 1996). Otherwise stated, a party seeking attorney fees bears the burden to "prove and establish the reasonableness of each dollar, each hour, above zero," and to make a "good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (citations and internal quotation marks omitted). To satisfy said burden, attorneys must keep meticulous time records that "reveal . . . all hours for which compensation is requested and how those hours were allotted to specific tasks." *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983), *rev'd on other grounds by Del. Valley Citizens' Council*, 483 U.S. at 725. Importantly, "[c]ompiling raw totals spent . . . does not complete the inquiry. It does not follow that the amount of time *actually* expended is the amount of time *reasonably* expended." *Id.* (citation and internal quotation marks omitted, emphasis in original). In accord with the foregoing, the court will address: (1) whether Defendants' proffered attorney hours were reasonably expended; and (2) whether Defendants' proffered hourly rates are reasonable. This analysis will provide the lodestar amount.

As to the hours expended, Defendants point to *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998), in which the Tenth Circuit found that a district court may consider certain factors in determining whether the time was reasonably expended, including:

> (1) whether the tasks being billed would normally be billed to a paying client, (2) the number of hours spent on each task, (3) the complexity of the case, (4) the number of reasonable strategies pursued, (5) the responses necessitated by the maneuvering of the other side, and (6) potential duplication of services by multiple lawyers.

(Defs.' Br. at 5–6.)  The only factors subject to dispute in this case are those arising out of the number of hours spent on each task and the complexity of the response.  Defendants argue that the hours are reasonable because their counsel: (1) "research[ed] and address[ed] a number of different issues raised by Relator's [motion to compel,] which sought to compel answers to sixteen interrelated requests for admission;" and (2) deduced and asserted "several additional substantive grounds" beyond untimeliness upon which the motion should have been denied.  (*Id.* at 5.)  Relator counters that Defendants' request for nearly a full work week of hours for the response brief in question is "inherently unreasonable."  (Relator's Opp'n at 4.)  Specifically, Relator urges the court to examine the time Defendants' counsel allotted for specific tasks and emphasizes that counsel spent 34.1 hours "draft[ing]," "revis[ing]," and "research[ing]" the response.[2]  (*Id.* at 2; *see also* Defs.' Br., Ex. A–1 at A [Time Summary].)

---

[2]Relator does not appear to take issue with the remaining 3.1 hours Defendants' counsel seeks, which are attributed to: (1) conferences concerning the motion to compel; (2) review of the motion and underlying request for admissions; and (3) research on Federal Rule of Civil Procedure 6.  (Defs.' Br., Ex. A–1 at A [Time Summary].)

In analyzing the reasonableness of hours billed, a district court approaches its inquiry "'much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients.'" *Robinson*, 160 F.3d at 1281 (quoting *Ramos*, 713 F.2d at 555). As such, the court may discount requested hours if the attorney fails to keep "meticulous, contemporaneous time records" that reveal "all hours for which compensation is requested and how those hours were allotted to specific tasks." *Ramos*, 713 F.2d at 553. In the instant case, the court finds counsel's description of the 34.1 hours to be woefully inadequate. The court's finding might be different had counsel gone to the trouble of more precisely specifying the subjects researched, drafted, or revised. In their brief now before the court, Defendants still fail to describe counsel's work with precision, instead referring to an indeterminable "number of different issues" researched and "several [] substantive grounds" set forth in the brief. (Defs.' Br. at 5.)

Simply put, counsel's unartful descriptions do not leave the court with an impression of how counsel allotted the 34.1 hours to specific tasks. The court does not aim to suggest that each and every point researched, drafted, or revised warrants notation in counsel's time records, but glaring imprecision concerning a large block of time spent on a comparatively short brief,[3] such as in this case, simply cannot suffice. Moreover, Defendants' counsel clearly grasps the concept of specificity in billing time, as evidenced by counsel's descriptions of the 3.1 hours that Relator does not contest. For that block of time, counsel adequately described researching Federal Rule of

---

[3] Defendants' response brief comprises sixteen substantive pages. (Def. Lockheed Martin Corp.'s Resp. to Relator's Third Mot. to Compel [filed Feb. 5, 2007].)

Civil Procedure 6 and reviewing Relator's motion and underlying request for admissions. (*See* Defs.' Br., Ex. A–1 at A [Time Summary].) In accord with the foregoing analysis, the court hereby reduces the contested 34.1 hours by fifty percent to 17.05 hours. Additionally, Defendants may have attorney fees for the uncontested 3.1 hours.

The court now turns to the second part of its analysis and examines the reasonableness of the attorney rates Defendants seek. Here, Defendants seek an hourly rate of $285 for their counsel. (Defs.' Br. at 6.) Defendants emphasize that on December 26, 2006, this court approved a $250 hourly rate for the same counsel and reason that counsel's higher rate for 2007 reflects an annual market adjustment as well as counsel's one-year gain in experience. (*See* Defs.' Br. at 6; Min. Order [filed Dec. 26, 2006].) Relator evidently takes issue with the rate, although her precise argument is difficult to distill. (*See* Relator's Opp'n at 3.) Seemingly arbitrarily, Relator refers the court to an unpublished decision, *Bat v. A.G. Edwards & Sons, Inc.*, No. 04–cv–02225–REB–BNB, 2006 WL 446078 (D. Colo. Feb. 21, 2006), in which an attorney one year junior to Defendants' counsel sought fees at a billing rate that was "a full $95 less" than that here sought. (*Id.*) Relator makes no reference to or arguments concerning: (1) whether Defendants' counsel and the *Bat* counsel are similarly situated other than in years of experience; (2) the *Bat* counsel's experience or education generally; or (3) the complexity of the work performed in *Bat* either generally or in comparison to the instant case. (*Id.*) Without such context, the court is at a loss to comprehend or evaluate Relator's point. The court agrees with Defendants' position. In light of this court's prior acceptance of counsel's $250 rate and the

familiar practice of annual attorney rate increases, the court finds that Defendants' sought rate of $285 is entirely reasonable.  Defendants are therefore entitled to payment of same.

Based on the foregoing it is ORDERED that Defendants' motion for attorney fees (#172) is GRANTED in part and DENIED in part.  The motion is GRANTED as to Relator's obligation to pay fees and DENIED as to the amount sought.  Relator shall pay fees in the revised amount of $5,742.75, representing 20.15 hours of work at the rate of $285 per hour.

Dated this 21st day of June, 2007.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge