IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 04–cv–01937–EWN–MJW

UNITED STATES <u>EX REL</u>. RUTH RITCHIE,

    Plaintiff/Relator,

v.

LOCKHEED MARTIN CORP. and
LOCKHEED MARTIN SPACE SYSTEMS CO.,

    Defendants.

---

### ORDER AND MEMORANDUM OF DECISION

---

This case arose under the Civil False Claims Act, 31 U.S.C. § 3729 *et seq.* (the "FCA"). Relator Ruth Ritchie alleged that Defendants Lockheed Martin Corp. and Lockheed Martin Space Systems Co. submitted false claims for payment to the United States, and retaliated against her for refusing to participate in submitting the claims. This matter comes before the court on "Relator's Motion to Review Clerk's Assessment of Costs," filed August 30, 2007. Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

### FACTUAL BACKGROUND

On June 21, 2007, I issued an order granting Defendants' motion for summary judgment and ordering the clerk to dismiss Relator's claims with prejudice. (*See* Order and Mem. of Decision [filed June 21, 2007].) Therein, I concluded that "Defendants may have their costs by filing a bill of costs within eleven days of the date of this order." (*Id.* at 26.)

On August 7, 2007, Defendants submitted a revised bill of costs, itemizing their claimed costs in attached exhibits. (*See* Def. Lockheed Martin Corp.'s Reply to Relator's Objection to Def.'s Bill of Costs [hereinafter "Defs.' Reply"], Ex. 1 [Revised Bill of Costs] [filed Aug. 7, 2007].) Defendants requested $3,212.20 in total costs. (*See id.*, Ex. 1 at 1 [Revised Bill of Costs].)

On August 22, 2007, the clerk of this court entered an award of costs in the amount of $3,212.20. (*See* Revised Bill of Costs [filed Aug. 22, 2007].) On August 30, 2007, Relator filed the instant motion to review the clerk's award, arguing that: (1) the express provisions of the FCA preclude an award of costs; (2) an award of costs would have a chilling effect upon future FCA claims; and (3) the clerk erred in awarding excessive fees for document copies. (*See* Relator's Mot. to Review Clerk's Assessment of Costs at 1–3 [filed Aug. 30, 2007] [hereinafter "Rel.'s Br."].) On September 18, 2007, Defendants responded to Relator's motion. (*See* Def. Lockheed Martin Corp.'s Resp. to Relator's Mot. to Review Assessment of Costs [filed Sep. 18, 2007] [hereinafter "Defs.' Resp."].) On October 3, 2007, Relator replied. (*See* Relator's Reply in Supp. of Her Mot. to Review Clerk's Assessment of Costs [filed Oct. 3, 2007] [hereinafter "Rel.'s Reply"].) This matter is fully briefed and ripe for review.

## ANALYSIS

### 1. *Legal Standard*

Federal Rule of Civil Procedure 54(d)(1) provides in relevant part that:

> Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party. But costs

against the United States, its officers, and its agencies may be imposed only to the extent allowed by law.

Fed. R. Civ. P. 54(d)(1) (2008). The party seeking costs bears the burden of establishing "the amount of compensable costs and expenses to which it is entitled and assumes the risk of failing to meet that burden." *Allison v. State One-Denver*, 289 F.3d 1223, 1248–49 (10th Cir. 2002) (citation omitted). Rule 54 creates a presumption that the district court will award the prevailing party costs, and the burden is on the non-prevailing party to overcome this presumption. *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004). Once the clerk has made his decision regarding taxation of costs, "the party objecting to the clerk's taxation has the burden of persuading the court that it was improper." 10 ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2679 (3d ed. 2007); *see also BDT Prods. Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005) (quoting the same).

### *2. Evaluation*

Relator contends that: (1) the express provisions of the FCA preclude an award of costs; (2) an award of costs would have a chilling effect upon future FCA claims; and (3) the clerk erred in awarding excessive fees for document copies. (*See* Rel.'s Br. at 1–3.) I assess each argument in turn.

#### *a. Award of Costs Under the FCA*

The FCA states that "the court may award to the defendant its reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of

harassment." 31 U.S.C. § 3730(d)(4) (2006). Relator first contends — albeit without legal citation — that "'costs' are a subset of 'expenses'" within this section of the FCA, and that the clerk's award was improper because her action was not "frivolous, clearly vexatious, or brought primarily for purposes of harassment." (Rel.'s Br. at 2.) Defendants respond that other circuits have interpreted section 3730(d)(4)'s language to exclude "costs," and argue that Relator has failed to carry her burden of proving that the express provisions of FCA preclude the clerk's award. (*See* Defs.' Resp. at 2–3.) For the reasons set forth below, I agree with Defendants.

Although the Tenth Circuit appears to not yet have considered the issue, at least two other circuit courts that have have explicitly held that section 3730(d)(4)'s reference to "attorneys' fees and expenses" does not include "costs," and thus that this section does not displace the presumptive award to the prevailing party under Rule 54(d)(1). *See United States ex rel. Costner v. United States*, 317 F.3d 889, 891 (8th Cir. 2003) ("[Section] 3730(d)(4) is not an express provision regarding costs and thus does not displace the district court's authority to award costs under Rule 54."); *United States ex. rel. Lindenthal v. Gen. Dynamics Corp.*, 61 F.3d 1402, 1413 (9th Cir. 1995) ("'Costs,' under the FCA, is not a subset of 'expenses.'"). Moreover, at least one other circuit court has affirmed costs awarded to a prevailing defendant on an FCA claim absent an explicit finding that the suit was frivolous, vexatious, or harassing. *See Lucky v. Baxter Healthcare Corp.*, 183 F.3d 730, 734 (7th Cir. 1999).

In the instant case, I find Relator has failed to carry her burden of showing that the express provisions of the FCA preclude an award of costs. Relator not only fails to distinguish the circuit court cases cited by Defendants, but provides *no* legal citation for her contrary interpretation of

section 3730(d)(4).[1]  (*See* Rel.'s Br.; Rel.'s Reply.)  As such, I find that Relator has failed to carry her burden of showing the express provisions of the FCA displace this court's authority to award costs pursuant to Rule 54(d)(1).

  b.  *Chilling Effect Upon Future FCA Claims*

Relator next argues that this court should exercise its discretion to deny costs to Defendants because "[t]o impose costs on [R]elator would frustrate the fundamental purpose of the FCA, and have a chilling effect on whistleblower claims — necessarily increasing the amount of unremediated fraud upon the United States fisc."  (Rel.'s Br. at 3.)  In support of this argument, Relator cites a case from the Southern District of Ohio in which the court denied costs to a prevailing defendant, in part because of the chilling effect such costs might have upon future FCA claims.[2]  (*See id.* at 2–3 [citing *United States ex rel. Pickens v. GLR Constructors, Inc.*, 196 F.R.D. 69, 77 (S.D. Ohio 2000)].)  Defendants respond that Relator's citation to *Pickens* is inapposite because that case involved multiple factors all militating toward denial of costs, and

---

[1] Relator does have a single, *non sequitur* sentence relating to the ability of prevailing defendants to recover from the government, not relators, in actions brought by the United States. (*See* Rel.'s Br. at 2 [citing 31 U.S.C. § 3730(g)].)  As Defendants correctly point out, however, this provision has no bearing upon the instant action as the United States neither brought Relator's claims, nor intervened in the case.  (*See* Defs.' Resp. at 3.)

[2] Relator also cites an inapposite civil rights case vacating an award of costs to a prevailing defendant because — as the court stated — without litigants "willing to test the boundaries of our laws, we would not have made much of the progress that has occurred in this nation since *Brown v. Board of Educ[ation]*."  (*See* Rel.'s Br. at 3 [quoting *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999)].)  Relator fails to specify how her FCA claims tested the boundaries of racial equality.

involved much higher costs assessed upon the plaintiff.  (*See* Defs.' Resp. at 4.)  Again, I agree with Defendants.

Beyond the mere superficial similarly between *Pickens* and the case at bar — *i.e.*, that litigants in both cases have raised the spectre of chilling future claims in opposition to a taxation of costs — I find that *Perkins* is factually inapposite and thus unpersuasive to suggest that I should deny Defendants' costs.  The court in *Perkins* considered no fewer than *eleven* factors in reaching its decision to deny the prevailing defendant costs, and appeared to place no disproportionate emphasis on the potential danger of chilling.  *See Perkins*, 196 F.R.D. at 75–77.  Among the multiple factors considered in *Perkins* — none of which Relator alleges are met here — were: (1) taxed costs against the plaintiff that were unnecessary to the defendant's defense of the action; (2) the defendant's earlier litigation misconduct that had prompted sanctions; (3) a "close, competitive, hard fought and difficult case for both sides;" (4) a circuit court opinion specifically stating that there would be "[n]o costs taxed;" and (5) the district court's finding that the public at large had benefitted from the plaintiff's action.  *See id.*  More prosaically, the taxed costs in *Perkins* were more than ten times larger those taxed here.  (*See id.* at 77.)  Relator largely ignores the factual dissimilarities between her case and *Perkins*, but maintains that the difference in size of taxed costs in the two cases is irrelevant to her chilling argument because "there is no way of knowing at the outset of litigation whether the litigation costs will be 'modest,' or excessive."  (*See* Rel.'s Reply at 1–2.)

I find that Relator has failed to show why the potential danger of chilling future FCA claims — standing alone — should overcome the traditional presumption that a district court will

award costs to a prevailing party. *See Rodriguez*, 360 F.3d at 1190 (stating the presumption under Rule 54 that the district court will award costs). Stripped of the persuasive authority of *Perkins*, Relator's argument resolves into the unelaborated assertion that "Congress's intent in enacting the FCA was to encourage whistleblowers to come forward with claims of fraud," and an implied suggestion that awarding costs would contravene this legislative intent. (*See* Rel.'s Br. at 2–3.) Because Relator has proffered *no* evidence regarding Congress's intent in passing the FCA, much less its likely opinion regarding the interplay between this intent and the policies underlying Rule 54, and because multiple courts have found the express language of the FCA permits an award of costs, I find that Relator has failed to show why a potential chilling effect — standing alone — should overcome the traditional presumption in favor of costs. *See BDT Prods. Inc.*, 405 F.3d at 420 (stating that a party objecting to taxation of costs bears burden of persuading the court that taxation was improper).

### c. *Excessive Fees for Document Copies*

Finally, Relator asserts that the $1.95 and $2.25 per page Defendants paid for copies of deposition transcripts was excessive, and thus that the $938.70 in related costs should be denied. (*See* Rel.'s Br. at 3.) Defendants counter that they "had no control over Relator's court reporter's charges, but yet [were] required to incur these costs to obtain copies of the depositions for use in [Defendants'] Summary Judgment Motion." (Defs.' Resp. at 4.) Relator does not respond to this argument. (*See* Rel.'s Reply.)

I find that Relator has failed to show that the cost-per-page Defendants paid for deposition transcripts was excessive. Beyond the mere allegation that court reporters are "typically

reimbursed at much lower rates," Relator offers no evidence pertaining to the average price charged by court reporters. (Rel.'s Br. at 3.) As such, I find that Relator has failed to carry her burden of showing that Defendants' documented costs in obtaining copies of deposition transcripts were excessive. (*See* Defs.' Reply, Ex. 1 at 11–15 [Revised Bill of Costs].)

*3.    Conclusion*

Based on the foregoing it is therefore ORDERED that:

    1.    RELATOR's motion to review the clerk's assessment of costs (#202) is DENIED.

Dated this 4th day of March, 2008.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge